UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO MOUZON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PAM AHLIN, et al.,<br><br>　　　　Defendants | Case No. 1:13 cv 00143 GSA<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

I.      **Screening Requirement**

　　Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

　　"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 11, 2013 (ECF No.5).

1

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     **Plaintiff's Claims**

Plaintiff, a civil detainee in the custody of the California Department of Mental Health (CDMH) at Coalinga State Hospital (CSH), brings this action against defendant officials employed by the CDMH at CSH. Plaintiff names the following individual defendants: P. Ahlin, Executive Director of CSH; former Director of the Department of Mental Health S. Mayberg; current Director of CDMH C. Allenby; T. MacSpeiden, Ph. D.; M. Patterson, Ph.D.

On January 28, 2006, Plaintiff was admitted to CSH from Alameda County Superior Court "to a tentative detainment to the DMH as a dangerous sex offender." Plaintiff alleges that Defendants MacSpeiden and Patterson decided that because Plaintiff had committed two or more rapes, he suffers from a diagnosed mental disorder. Plaintiff alleges that he has no "visual signs or symptoms of a diagnosed mental disorder." Plaintiff alleges that Defendants "wrote their evaluation reports against Mr. Mouzon with complete comprehension that he did not, and never did meet the criteria as a sexually violent predator." Plaintiff alleges that his diagnosis is flawed "simply because the supposed mental disorder 'does not' fit within the diagnostic categories used to identify and define a paraphilic diagnosis on a sex offender."

Plaintiff contends that coercive paraphilic rape disorder is not a mental disorder as defined by the Diagnostic Statistical Manual of Mental Disorders (DSM). Plaintiff argues that the DSM is what the prosecutor relies on to confine him, and, because it is "perceptibly clear" that Plaintiff does not suffer from a required mental disorder, his commitment is invalid.

Plaintiff also alleges that Defendants are denying him due process "when they refuse to evaluate him in accordance to the proper components contained within the concepts of the DSM." Plaintiff contends that he was evaluated "through a limited scientific approach that relies not on signs and symptoms, or the many years that have passed since he offended, instead he is evaluated on a profile that contract evaluators must follow – a fixed methodology to formulate their diagnosis of an individual sex offender for an indeterminate commitment."

2

Essentially, Plaintiff alleges that because paraphilic rape disorder is not a properly diagnosed mental disorder, he cannot therefore be legally committed as a civil detainee. Plaintiff challenges the methodology and the diagnosis made by Defendants that indicates Plaintiff is a sexually violent predator.

A.   **Civil Commitment**

"[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). "[I]n certain narrow circumstances," states may "provide for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." Kansas v. Hendricks, 521 U.S. 346, 357 (1997). Statutes providing for involuntary civil commitment have been "consistently upheld . . . provided the confinement takes place pursuant to proper procedures and evidentiary standards." Id. (holding that Kansas Sexually Violent Predator Act comports with due process requirements).

The Court finds that the post-commitment procedures set forth in the SVPA do not violate the Due Process Clause of the Fourteenth Amendment. Although Plaintiff does not specify allege any particular deficiency on the part of evaluators used by CDMH, he does base his claim on the presumption that he is being held illegally.

In civil commitment hearings, the factors relevant in determining whether an individual has been afforded sufficient procedural protections under the due process clause are whether the individual received: 1) written notice; 2) a hearing at which the evidence being relief upon for the commitment is disclosed to the detainee; 3) an opportunity at the hearing for the detainee to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the state; 4) an independent decision maker; 5) reasoned findings of fact; 6) legal counsel; and 7) effective and timely notice of these rights. Vitek v. Jones, 445 U.S. 480, 494-97 (1980); Carty v. Nelson, 426 F.3d 1064, 1074 (9th Cir. 2005). Plaintiff has not alleged that he was deprived of any of these procedural protections.

3

  Any deficiencies that are alleged on the part of the evaluators do not rise to the level of a due process violation. The evaluators are not the ultimate decision makers who decide whether Plaintiff should continue to be detained. Under the SVPA's scheme, a superior court judge is the ultimate decision maker. The SVPA scheme permits Plaintiff to file a petition in state court for conditional or unconditional release without the recommendation the evaluators or CDMH. Thus, even if Plaintiff's allegations are proven true and the evaluators hired by CDMH based their evaluation upon insufficient methods, the alleged impropriety is of little consequence because Plaintiff can file a petition for release directly to the court and would be entitled to the assistance of an attorney and will have the opportunity to present evidence before a state judge in support of his contention that he is no longer a sexually violent predator within the definition of the SVPA. Presumably, within the petition itself and at any subsequent hearing, Plaintiff will have the opportunity to present evidence in support of his contention that the evaluators' opinions are not worthy of consideration because of their biases. In other words, the SVPA scheme provides for sufficient procedural mechanisms for Plaintiff to challenge the evaluators' conclusions and provides Plaintiff with the opportunity to prove by a preponderance of evidence in a hearing before a state court judge that he no longer qualifies for civil detainment. The Court finds that the procedural protections provided by California's SVPA do not violate due process. <u>Robinson v. Mayberg</u>, No. 09cv346-IEG(POR), 2010 WL 2196564, *7 (S.D. Cal. May 27, 2010)("the procedures for judicial review, set forth in Cal. Welf. & Inst. Code §§ 6605 and 6608, are sufficient to insure that Petitioner's confinement will not continue beyond the point when he no longer suffers from a mental disorder or is no longer dangerous").

  Given the SVPA's scheme for obtaining release from civil confinement, Plaintiff has failed to provide a clear explanation of how he suffered any injury. Even if the Court were to assume that the evaluators consistently concluded that Plaintiff was unfit for conditional or unconditional release, that does not foreclose Plaintiff's chance for release. Plaintiff could have utilized the procedures outlined under Section 6608 to challenge the evaluators' conclusions. If Plaintiff believed that the evidence used by the evaluators was unreliable, that the evaluators

were biased, or that the actuarial assessment methodologies used were unreliable, Section 6608 provides ample opportunity for Plaintiff to file a petition in state court and present evidence in support of his contentions. The procedural protections offered by 6608 are constitutionally sufficient to protect Plaintiff's liberty interests. Plaintiff's factual allegations fail to support a cognizable claim under the Due Process Clause. Because Plaintiff cannot cure this deficiency, the Court dismisses this action without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Accordingly, IT IS ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 13, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE